IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TRACY WHITAKER, :
:
    Petitioner :
:
v. : CIVIL NO. 3:CV-12-1645
:
DAVID VARANO, :
: (Judge Conaboy)
:
    Respondent :

FILED
SCRANTON

AUG 24 2012

PER _____
DEPUTY CLERK

**MEMORANDUM**
**Background**

This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was initiated by Tracy Whitaker, an inmate presently confined at the State Correctional Institution, Coal Township, Pennsylvania (SCI-Coal Twp.). The required filing fee has been paid.

Named as Respondent is SCI-Coal Twp. Superintendent David Varano. Petitioner states that he was convicted of first degree murder, aggravated assault and endangering the welfare of children following a jury trial in the Delaware County Court of Common Pleas. He is presently serving a life sentence. His present petition indicates that he is challenging the legality of his conviction on the grounds that the Commonwealth withheld exculpatory evidence, lack of jurisdiction, and he is actually innocent. See Doc. 1, ¶ 13.

1

## Discussion

A § 2254 habeas corpus petition may be filed in the district where he is confined or in the district where he was convicted. <u>Fletcher v. Rozum</u>, 2008 WL 2609826 * 2 (E.D. Pa. 2008). 28 U.S.C. § 2241(d) provides:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Whitaker is attacking the legality of a guilty plea which he entered in the Delaware County Court of Common Pleas, which is located within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

As noted above, under § 2241(d), the district court for the district in which a habeas petition is filed "in the exercise of its discretion and in furtherance of justice may transfer the application." 28 U.S.C. § 1404(a) states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." A district

2

court may transfer a habeas petition pursuant to § 1404(a).  See In re Nwanze, 242 F.3d 521, 526, n. 2 (3d Cir. 2001)(§ 1404(a) applies to transfers of habeas corpus petitions); Fletcher, 2008 WL 2609826 at * 2.

Since the trial court, as well as any records, witnesses and counsel, are located within the United States District Court for the Eastern District of Pennsylvania, it would be prudent to transfer this action to the Eastern District.  An appropriate Order will enter.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: AUGUST 24, 2012